WILLIAMS v. MOTOR & MFG. WORKS CO.

(District Court, W. D. New York. April 1, 1914.)

PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—HEATING AND VENTILAT-
ING SYSTEM FOR AUTOMOBILES.

> The Williams patent, No. 873,399, for a combined heating and ventilat-
> ing system for automobiles, claim 1, while not of broad scope, discloses
> patentable invention; also *held* infringed.

In Equity. Suit by Nathan W. Williams against the Motor & Man-
ufacturing Works Company. On final hearing. Decree for com-
plainant.

Samuel W. Banning, of Chicago, Ill. (Thomas A. Banning, Thomas
A. Banning, Jr., and Ephraim Banning, all of Chicago, Ill., of coun-
sel), for complainant.

J. William Ellis, of Buffalo, N. Y., for defendant.

HAZEL, District Judge. This suit in equity involves the alleged
infringement by the defendant, the Motor & Manufacturing Works
Company, of claim 1 of patent No. 873,399, granted to Nathan W.
Williams December 10, 1907, for a combined heating and ventilating
system for automobiles. The claim reads as follows:

> "1. In combination with the structure to be heated, a hydro-carbon engine,
> an exhaust pipe leading therefrom, a muffler secured to the discharge end of
> the exhaust pipe and in open communication with the atmosphere, an inclos-
> ing box secured to the structure to be heated and provided with an intake
> opening for supplying fresh air, a register in communication with the inclos-
> ing box for controlling the flow of heated air therefrom, a radiator box within
> the inclosing box, a branch pipe leading from the radiator box to the ex-
> haust pipe intermediate the muffler and the engine, and a discharge pipe lead-
> ing from the radiator box and out of the inclosing box and discharging di-
> rectly into the atmosphere, substantially as described."

A few of the enumerated elements seem to indicate that claim 1 is
limited to a circulating and ventilating device; but, as all the ele-
ments are believed to be substantially embodied in defendant's struc-
ture, it makes no difference that the claim includes features for ven-
tilating the automobile as well as for heating it. The specification says:

> "The object of the present invention is to utilize the heat of the escaping
> products of combustion for heating purposes, by tapping the exhaust pipe in-
> termediate the engine and muffler and conveying a portion of the heated
> waste gases to a heater located beneath the floor of the automobile, for the
> purpose of heating the air supplied to the closed vehicle body. The invention
> is further intended to relieve the muffler by reducing the volume of heated
> waste gases delivered thereto, and to further relieve the engine by reducing
> the back pressure owing to the increased facility with which the waste gases
> are permitted to be discharged."

In the heater described in this patent, the fresh air circulates through
a passage into the inclosing box to the radiator box, which is located
in the inclosing box and has within it several small pipes open at
their ends, and thence through the register or grating to the inside
of the car. The coil or elbow-shaped branch of pipe in the inclosing

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

box receives a supply of hot gases from the exhaust pipe connected with the engine, by which the fresh air is heated before passing through the register. The elements of the claim separately considered are old, save the feature of the discharge pipe which leads from the radiator box through the inclosing box and discharges the gases directly into the open air to relieve the back pressure on the engine.

The defendant denies infringement, and contends that the patent, because of the prior art, must be given a strict construction, excluding from its scope a heating device such as that marketed by defendant. It is true enough that the patentee herein was not the first to tap an exhaust pipe between the engine and the muffler attachment of an automobile for the purpose of using the gases to heat the interior of the car. The prior patents to Kampshall and Pliske disclose, respectively, a foot warmer and a circulatory heater for use in automobiles; but they lack the means for discharging the heated gases directly to the outside of the car to decrease the back pressure on the engine.

In the Foster patent, upon which the defendant lays stress, the products of combustion are discharged through the muffler device, as in the Pliske and Kampshall patents, and not directly into the atmosphere. In the Pliske patent, the natural course of the gases is directly to the muffler, and upon opening a valve attached to the heater the gases circulate through the coils of the heater; but they are not deflected to the open air by a discharge pipe to relieve back pressure of the engine.

It will not be denied that the change or alteration made by the patentee from the Pliske heater was simple and not difficult of accomplishment after the new idea had been ingrafted upon it, but in the Patent Office the Williams conception was considered an improvement. While the expert witness for the defendant disputes the testimony of complainant to the effect that the back pressure is affected by the outlet of the gases, still I think the presumptions arising from the grant of the patent have not been overcome, and that the patentee made a modest advance in the art, which entitles him to protection from infringement of the essence of his invention.

There was discussion with regard to the air intake opening (Fig. 18 of the drawing), through which the fresh air is supplied to the radiator box of the patent in suit; but this was not an important feature of the invention. It makes no difference that the defendant supplies air for its radiator box from the inside of the car and that fresh air is introduced into the car through the door or through crevices; it is sufficient to establish infringement that the defendant appropriated in connection with its heater the essence of complainant's invention—i. e., a discharge pipe leading from the radiator which discharges gases directly into the open air, in combination with other elements which, though differently located, do not perform a different function and are not patentably different from complainant's.

A decree, with costs, may be entered holding the claim in controversy valid and infringed.